# Collier *v.* DeJernett.

## *Breach of Contract.*

### (Decided May 17, 1911.  56 South. 1010.)

1. *Appeal and Error; Harmless Error; Pleading.*—Although the court sustained demurrer to certain pleas of the defendant, any error committed thereby was rendered harmless when the court afterwards permitted the plaintiff to amend his complaint, and the defendant filed a new plea containing the same matters of defense which were contained in the former pleas, and to which plea the court overruled a demurrer.

2. *Contracts; Performance; Breach; Excuse.*—Where the contract was that the defendant should haul certain logs to the river, raft them to market and sell them, if it was possible to raft the logs to the market the defendant was bound by his contract, and plaintiff could recover for his non-performance.  The facts examined and held to show that it was possible to raft said logs and that the defendant was not excused although the plaintiff declined to supply the lighter timber necessary to raft the logs.

3. *Same; Evidence.*—Where it appeared that defendant agreed to, raft plaintiff's logs to a saw mill, and that it was possible to do so by constructing a particular kind of raft, it is not competent to show that the logs agreed to be rafted were of such heavy timber that they would not float by themselves.

APPEAL from Cherokee Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by E. B. DeJernett by W. G. Collier, for breach of contract.  Judgment for plaintiff and defendant appeals.  Affirmed.

GEORGE D. MOTLEY, for appellant.  No brief came to the Reporter.

HUGH H. WHITE, for appellee.  No brief came to the Reporter.

DE GRAFFENRIED, J.—It is unnecessary for us to consider the rulings of the trial court in sustaining plaintiff's demurrers to pleas 2, 3, and 4 of the defend-

[Collier v. DeJernett.]

ant. After the court sustained the demurrer to those pleas, the plaintiff was permitted to amend his complaint, and to the complaint as amended the defendant filed plea 5, which plea contained the same matters of defense which were set up in pleas 2, 3, and 4, so that, if error was committed, it was error without injury. In truth, however, pleas 2, 3, and 4 contained no matter of defense which could not have been shown under the general issue. The case was tried upon the general issue and on plea 5 and plaintiff's replication thereto.

This suit grew out of the breach of an agreement made by the defendant with the plaintiff to raft and sell certain logs of the plaintiff, containing 16,000 feet of lumber and worth $7 per thousand feet in Gadsden, from a point near plaintiff's land on the Coosa river to Gadsden. The plaintiff had the logs cut on his land, and the defendant saw plaintiff, and agreed, in substance, that he would haul the logs to the river and raft them, at his expense, to Gadsden, and sell them and pay to plaintiff one-half of the gross proceeds. There was no controversy as to the value of such logs at Gadsden, and no controversy as to the number of feet of timber contained in the logs. Pursuant to his agreement, the defendant took possession of the logs and hauled them to the river. It appears from the testimony that the defendant was not an expert raftsman, and that after he had finished hauling the logs to the river he ascertained that they would sink unless they were put into a raft along with some other lighter character of timber. He applied to the plaintiff about the matter, but the plaintiff declined to let him cut or have from his land the lighter character of timber desired. There was sufficient testimony in the case to have warranted the jury in finding that the logs which defendant received from plaintiff could not, alone, have been rafted to Gadsden, but

the evidence, without conflict, showed that, mixed in a raft with other timber which would float, the logs could have been rafted to Gadsden, as the defendant in his contract undertook to do. The contract between the parties did not require, and the law did not require, the plaintiff to furnish the defendant with material necessary to complete a raft which could be floated to Gadsden, but the contract made by the defendant with the plaintiff did require the defendant to raft those logs to Gadsden within a reasonable time, and, as he failed to do so, he was liable, under the contract, to the plaintiff for the damages which plaintiff suffered by reason thereof. The evidence showed, without conflict, that 60 days was a reasonable time within which the defendant, after the making of the contract, should have completed it. The contract was made in August, 1909, and soon thereafter the defendant hauled the logs to the Coosa River. This suit was commenced in May, 1910, and at that time the logs had not been delivered at Gadsden, 18 miles away.

The court committed no error, in refusing to allow the defendant to prove, by expert witnesses, that the logs, which appear to have been green sap pine logs could not, unaided by a mixture of lighter timber in the raft, have been floated to Gadsden. The defendant contracted to raft them there, and such testimony, if it had been allowed by the court, would have shed no material light on the issues.

The argument of the appellant (defendant in the court below) that his contract with appellee created a partnership between him and appellee is not supported by either the contract or the acts of the parties growing out of it. The fact that appellee was to receive one-half of what the appellant could sell the logs for in Gadsden did not create a partnership. The market

price of the logs in Gadsden and the prospective purchaser were both in the contemplation of, and were agreed upon by, the parties when the contract, which was not in writing, was made. The logs were known to be worth $7 per thousand feet in Gadsden, and the Kyle mill, at Gadsden, was the prospective purchaser at that price. The Kyle mill had agreed to pay $7 per thousand feet for logs at Gadsden, and this was the reason why the appellant and the appellee made the contract. The defendant was to bear all the expenses of transporting the logs to Gadsden, and plaintiff was to receive $3.50 per thousand feet for the 16,000 feet of timber delivered by him to appellant. The case does not come within the influences of *Lee v. Ryan*, 104 Ala. 125, 16 South. 2.

There was no error in the record. The judgment of the court below is affirmed.

Affirmed.